# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-211 (JNE/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Shannon Jackson, | |
| Defendant. | |

This case is before the Court on Defendant's pretrial motions, including Defendant's Motion for Disclosure of 404(b) Evidence (Dkt. No. 16); Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (Dkt. No. 17); Defendant's Motion for Discovery and Inspection (Dkt. No. 18); Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance (Dkt. No. 19); Defendant's Motion for Disclosure of Jencks Act Material (Dkt. No. 20); Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Dkt. No. 21); Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (Dkt. No. 22); Defendant's Motion to Suppress Statements, Admissions, and Answers (Dkt. No. 23); and Defendant's Motion to Suppress Evidence Obtained as a Result of Search Warrant (Dkt. No. 28), as amended at the October 31, 2018 hearing on the pretrial motions.

Jeffrey S. Paulsen, Assistant U.S. Attorney, appeared on behalf of the United States of America ("the Government") and Douglas Olson, Assistant Federal Public Defender, appeared on behalf of Defendant Shannon Jackson, who was present at the hearing.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Defendant's Motion for Disclosure of 404(b) Evidence **(Dkt. No. 16)** is **GRANTED IN PART** and **DENIED IN PART**. The Government shall provide notice of any Rule 404(b) evidence it intends to use at trial not later than two (2) weeks prior to trial.

2. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Dkt. No. 17)** is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

3. Defendant's Motion for Discovery and Inspection **(Dkt. No. 18)** is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

4. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance **(Dkt. No. 19)** is **GRANTED**. Pursuant to the representations of the Government at the hearing, the Government shall produce any remaining evidence and records of electronic surveillance on or before November 2, 2018.

5. Defendant's Motion for Disclosure of Jencks Act Material **(Dkt. No. 20)** is **DENIED**. Defendant requests disclosure of Jencks Act material at least two weeks before trial. The Government represented that this motion is largely moot as it already

provided all police reports but agreed at the hearing to provide any additional Jencks Act material not later than a week before trial.  The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500.  The Eighth Circuit has repeatedly held that the government cannot not be required to make pretrial disclosure of Jencks material.  *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  Nothing in this Order, however, precludes the Government from voluntarily disclosing any additional Jencks Act material a week prior to trial as it represented it would at the hearing.

6. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Dkt. No. 22)** is **GRANTED**.  The Government shall produce to Defendant the information required by Fed. R. Civ. P. 16(a)(1)(G) no later than three (3) weeks before the commencement of trial.

7. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Dkt. No. 21)**; Defendant's Motion to Suppress Statements, Admissions, and Answers **(Dkt. No. 23)**; and Defendant's Motion to Suppress Evidence Obtained as a Result of Search Warrant **(Dkt. No. 28)**, as amended during the hearing, are taken under advisement.  Defendant's supplemental brief will be due two (2) weeks after the hearing transcript is available.  The Government's supplemental brief in opposition to

Defendant's motions will be due one week after that.  The Court will issue a separate report and recommendation on the motions thereafter.

DATED: October 31, 2018              *s/Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge