UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                         Case No. 18-cr-211 (JNE/ECW)
                                                          ORDER

Shannon Jackson,

       Defendant.

This matter is before the Court on Defendant Jackson's motions to suppress evidence and statements. ECF Nos. 21, 23, 28. On January 4, 2019, the Honorable Elizabeth Cowan Wright, United States Magistrate Judge, issued a Report and Recommendation ("R&R") denying the Motions to Suppress Evidence Obtained as a Result of Search and Seizure and to Suppress Statements, Admissions, and Answers. ECF No. 41. Additionally, the Magistrate Judge recommended granting in part and denying in part the Motion to Suppress Evidence Obtained as a Result of Search Warrant. *Id.* Specifically, the Magistrate Judge recommended suppressing evidence obtained from Jackson's cell phone, and permitting evidence obtained from his Facebook account. *Id.* at 29-33. Jackson objected, arguing that the search warrant for his Facebook account was not supported by probable cause and was overly broad. ECF No. 45. The Government responded. ECF No. 49. After conducting a de novo review of the record, the Court overrules Jackson's objections and adopts the R&R in its entirety. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2.

1

In his objections, Jackson restates arguments raised in his motion to suppress, arguing that the Magistrate Judge incorrectly determined that the Facebook warrant was supported by probable cause. The Court overrules this objection. In her R&R, the Magistrate Judge found that the issuing Hennepin County judge had a substantial basis to conclude that evidence of firearm possession could be found on Jackson's Facebook account. ECF No. 41 at 29-30. Thus, the Court adopts the R&R's conclusion that the warrant was supported by probable cause.

Jackson also contends that the search warrant was overly broad as it sought "any and all data" going back to March 2018, without justification for this date. Jackson analogizes this case to *United States v. Winn*, 79 F. Supp. 3d 904 (S.D. Ill. 2015). In *Winn*, Nathaniel Winn consented to police seizure of his cell phone as part of an investigation into a report that a man had used his cell phone to photograph or videotape underage girls without their permission at a public pool. *Id.* at 909-10. An officer later applied for a warrant to search the cell phone for "any or all files contained on said cell phone," even though the police were only investigating photos and videos taken at a particular place and on a particular day. *Id.* at 911, 919-21. Concerned with this broad language, the court found the warrant to be "facially overbroad" as "the police did not have probable cause to believe that *everything* on the phone was evidence of the crime of public indecency." *Id.* at 919.

Arguing that the same defects are present in the Facebook search warrant, Jackson urges the Court to adopt the reasoning in *Winn*. But *Winn* is distinguishable. In *Winn*, the warrant "contained an unabridged template that authorized the police to seize the

2

entirety of the phone and rummage through every conceivable bit of data, regardless of whether it bore any relevance whatsoever to the criminal activity at issue." *Id.* at 922. Here, in contrast, the warrant's scope is limited to information related to the alleged crimes and the period during which this criminal activity occurred. Accordingly, the Magistrate Judge found that neither the type of information sought, nor the temporal scope were overly broad. ECF No. 41 at 31-32. The Court agrees with the Magistrate Judge's reasoning.

Finally, even if the Facebook warrant was not supported by probable cause, the Court agrees with the R&R's conclusion that the evidence would not need to be suppressed because the *Leon* good-faith exception applies. Jackson makes an unpersuasive comparison to *United States v. Herron*, 215 F.3d 812, 814 (8th Cir. 2000), in which a magistrate judge concluded that the good-faith exception did not apply given "the obvious nature of the deficiency." Unlike in *Herron*, the Magistrate Judge found no deficiency. Further, the Magistrate Judge concluded that even if the warrant was not supported by probable cause or was overly broad, "the officer's reliance on the warrant would have been objectively reasonable." ECF No. 41 at 33.

For these reasons, in addition to the reasons set forth in the R&R, the Court overrules Jackson's objections and agrees that the evidence obtained as a result of the Facebook warrant should not be suppressed.

Therefore, based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. The Court ADOPTS the Report and Recommendation of United States Magistrate Judge Elizabeth Cowan Wright [ECF No. 41].

2. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [ECF No. 21] is DENIED.

3. Defendant's Motion to Suppress Statements, Admissions, and Answers [ECF No. 23] is DENIED.

4. Defendant's Motion to Suppress Evidence Obtained as a Result of Search Warrant [ECF No. 28] as it relates to the search of Defendant's cell phone in GRANTED.

5. Defendant's Motion to Suppress Evidence Obtained as a Result of Search Warrant [ECF No. 28] as it relates to the search of Defendant's Facebook account is DENIED.

Dated: February 26, 2019

                    s/ Joan N. Ericksen
                    JOAN N. ERICKSEN
                    United States District Judge